THE STATE, EX REL. HICKMAN, APPELLANT, *v.* CAPOTS, CHAIRMAN, ET AL.,
APPELLEES.

[Cite as State, ex rel. Hickman, *v.* Capots (1989), 45 Ohio St. 3d 324.]

(No. 89-521—Submitted July 11, 1989—Decided September 20, 1989.)

*Per Curiam.* Unsupported conclusions of a complaint are not considered admitted, *Schulman* v. *Cleveland* (1972), 30 Ohio St. 2d 196, 198, 59 O.O. 2d 196, 197, 283 N.E. 2d 175, 176, and are not sufficient to withstand a motion to dismiss. *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 193, 532 N.E. 2d 753, 756. The cases cited by appellant, *Mack* v. *McCune* (C.A. 10, 1977), 551 F. 2d 251, and *Robinson* v. *Benson* (C.A. 10, 1978), 570 F. 2d 920, both indicate that the conclusion appellant pleaded below is an exception to the general rule that parole may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or a conviction is overturned. See *Taylor* v. *United States Parole Comm.* (C.A. 6, 1984), 734 F. 2d 1152, 1155. This suggests the need to plead specific facts showing how or why the parolee comes within the exception. *Id.* at 1156; see, also, *Mitchell, supra.* Appellant has not done so here.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

*William J. Hickman, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Donald G. Keyser,* for appellees.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.