This issue arises out of Petitioner's Petition For Writ of Habeas Corpus whereby Petitioner alleges he is wrongfully incarcerated by the Respondent and the State of Ohio due to an illegal and unconstitutional parole revocation hearing by the Ohio Adult Parole Authority. Petitioner alleges that due to an unreasonable delay before his final parole revocation hearing his defense to the charges was impaired. Petitioner also alleges that since he was found not guilty of all the charges which led to his parole revocation, that all factual support for the revocation was removed and he should be immediately released from confinement.
The facts indicate that Petitioner was convicted in 1988 of aggravated burglary, robbery, and attempted aggravated burglary. He was sentenced to five to twenty-five years. In 1993 he was released on parole. On November 30, 1993, Petitioner was arrested and indicted for new charges of aggravated burglary with specifications, aggravated robbery, rape and kidnapping. At this time, petitioner was served with a statement of his parole violations and waived his on-site hearing.
On February 18, 1994, Petitioner was found not guilty of all the new charges. Petitioner was then returned to prison due to his parole violations.
Petitioner was scheduled for his final parole revocation hearing in May of 1994, at which time his attorney requested a continuance for, "more preparation time". On November 16, 1994, Petitioner's final hearing was held and his parole revoked.
As noted by Respondent, part of the delay in holding Petitioner's final revocation hearing was due to his attorney's request for a continuance. (Respondent's Exhibit C). Even if a delay in holding the final hearing existed, Petitioner is not entitled to habeas corpus relief unless he can show he was prejudiced by the delay. Coleman v. Stobbs (1986), 23 Ohio St.3d 137.
In State ex rel. Jackson v. McFall (1995), 73 Ohio St.3d 185, the court listed the factors to be considered in determining if a petitioner was prejudiced by any delay. They are: 1) prevention of oppressive pre-hearing incarceration; 2) minimization of anxiety of alleged parole violator; and 3) the possibility that the delay impaired the parole violator's defense at his final hearing. The court stated that the most serious component of prejudice is the third, i.e. the possibility that the delay impaired the parole violator's ability to defend against revocation. In this case, Petitioner merely alleges that, "defense was hurt by many delays". Petitioner has not informed this court how his defense was harmed by any delay. Unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss. State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324.
Petitioner next alleges that since he was found not guilty of all the charges which led to his parole revocation, that all factual support for the revocation was removed and he should be released from confinement. A finding of "not guilty" is not a finding of "innocent". Petitioner has not pled any specific facts to show how all factual support for his parole revocation was removed. Unsupported conclusions of a complaint, again, are not considered admitted and are not sufficient to withstand a motion to dismiss. See State ex rel. Hickman v. Capots,supra.
In this case, Respondent has submitted evidence in the form of an interview with the alleged victim of Petitioner's recent arrest and charges. This interview represents an independent investigation of the incident by the Ohio Adult Parole Board and provides factual support for Petitioner's parole revocation.
For all the reasons cited above, Petitioner's Complaint for Writ of Habeas Corpus is without merit and denied.
Respondent's Motion to Dismiss is granted. Costs taxed to Respondent. Final order. Clerk to serve a copy on counsel or unrepresented party.
-----------------------------
-----------------------------
 ----------------------------- JUDGES