Plaintiff-appellant, Margaret Dolan (hereinafter "appellant"), appeals from the trial court's granting of the motion to dismiss filed by defendants-appellees, Jacob Kronenberg, Janet Kronenberg (a partner in the firm of Kronenberg and Kronenberg), and the law firm of Kronenberg Kronenberg. This case arises from litigation which was pending in Cuyahoga County Domestic Relations Court between the appellant and her former husband, Timothy McErlean. The appellant and McErlean were each seeking custody of their three minor children in the divorce proceedings. Appellee Jacob Kronenberg (hereinafter "Kronenberg") was appointed as a guardian ad litem by the court to represent the interests of the former couple's three minor children. At some point in time during the proceedings, the appellant became dissatisfied with Kronenberg's performance of his guardian ad litem duties and petitioned the court for his removal. This request for Kronenberg's removal was denied by the Domestic Relations Court on April 8, 1997. On December 5, 1997, the Domestic Relations Court granted Kronenberg leave to withdraw as guardian ad litem for the appellant's children. On November 20, 1998, the appellant caused the within complaint to be filed.
Appellant's suit alleged that Kronenberg "intentionally and deliberately and maliciously" sought and obtained a privileged report which had been prepared in compliance with R.C. 2151.421
and then wrongfully disseminated private information contained therein about appellant's relationship with her children. The confidential report in question was prepared by a social worker employed by the Department of Children and Family Services. Specifically, the complaint alleged that Kronenberg, after requesting and obtaining a copy of the report, provided copies of the report to a number of individuals, including the appellant's ex-husband, the appellant's ex-husband's attorney, and a magistrate assigned to the case. Additionally, the complaint alleged that Kronenberg called another magistrate who was conducting a hearing in the case — who purportedly was a friend of Kronenberg's — and requested in a message left for the magistrate that she intimidate the appellant during the course of the hearing and that she act in such a manner towards the appellant as to cause her to "froth at the mouth." The appellant allegedly overheard this message left by Kronenberg for the magistrate because it was transmitted over a speaker phone located in the hearing room while the magistrate was temporarily out of the room. The appellant's theories of liability as to the other two appellees are entirely derivative in nature.
On December 30, 1998, the appellees, in accordance with Civ.R. 12(B), filed a motion to dismiss alleging that the complaint had failed to state a claim upon which relief could be granted. On January 21, 1999, attorney D. Cheryl Atwell filed a notice of appearance on behalf of the appellees. On January 22, 1999, the appellant filed two motions. The first of these motions requested that the case management conference which had been set in the case for January 27, 1999, be rescheduled. The second motion requested an extension of time to respond to the appellees' motion to dismiss. In support of each motion the appellant's attorney, who is also her father, submitted affidavits stating that he was under a doctor's care for a disabling illness and had been ordered to remain indoors at home when the temperature was below 32 degrees Fahrenheit. The appellant's attorney stated that because of these restrictions, and the fact that he was living in Mayville, NY, he was unable to research the issues presented in the motion to dismiss or to travel to Cleveland for a case management conference.
In an entry which was both dated and journalized on January 26, 1999, the trial court stated:
 December 30, 1999 (sic) "Motion to Dismiss of Defendants" is unopposed, well-taken and is granted. It appears beyond doubt from the Complaint that plaintiff can prove no set of facts in support of the claims contained therein that would entitle her to relief.
On February 2, 1999, the trial court issued an entry, which was journalized on February 4, 1999, stating that at the time the court granted the motion to dismiss, no motion for extension of time to respond to the motion to dismiss had been received or "formally entered on this court's docket." The February 4, 1999 journal entry also denied both of appellant's motions as being moot. The appellant has repeatedly referred to this entry of February 4, 1999 as an "invalid nunc pro tunc (sic) entry." This court's review of the record does not indicate that the trial court's entry was in the nature of a nunc pro tunc entry or that it was intended as such by the trial court.
The within appeal from the trial court's granting of the appellee's motion to dismiss was timely commenced on February 24, 1999. As the appellant's first and second assignment of error have a common basis in law and fact, this court shall address them together:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DISMISSING THE COMPLAINT SINCE THE COMPLAINT STATED CAUSES OF ACTION FOR INVASION OF PRIVACY AND NEGLIGENT DISTRIBUTION OF THE REPORT AS WELL AS A CLAIM FOR PUNITIVE DAMAGES.
 II. QUALIFIED QUASI-JUDICIAL IMMUNITY DOES NOT APPLY TO THIS CASE.
A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Ct. Bd. ofCommrs. (1992), 65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991), 57 Ohio St.3d 56, 60, citing Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242,245. See, also, Spalding v. Coulson (1993), 104 Ohio App.3d 62.
The existence of immunity as a defense in a civil action is a purely legal issue, properly determined by a trial court prior to trial. Goad v. Cuyahoga Cty. Bd. of Commrs. (1992), 79 Ohio App.3d 521,524.
The primary question which this court must resolve in the within appeal is whether Kronenberg enjoyed absolute immunity from causes of actions arising out of the performance of his duties as a guardian ad litem in the underlying domestic relations case. Our review of relevant case authority compels this court to conclude that Kronenberg did enjoy absolute immunity in the performance of his duties as guardian ad litem. Therefore, we affirm the decision of the trial court.
In Pisani v. Pisani (Dec. 11, 1997), Cuyahoga App. No. 72136, unreported, this court affirmed a grant of summary judgment in favor of the guardian ad litem, holding that a guardian ad litem enjoys the same absolute immunity from actions for defamation and invasion of privacy arising out of their service as guardian ad litem as do judges, counsel, parties, and witnesses. Similarly, in Penn v. McMonagle (1990), 60 Ohio App.3d 149, 152, the Sixth Appellate District held that a guardian ad litem "is entitled to absolute immunity from actions arising out of the performance of her duties as guardian ad litem." The Penn court adopted the reasoning of the Sixth Circuit Court of Appeals in Kurazawa v.Mueller (C.A. 6, 1984), 732 F.2d 1456, 1458, wherein the court stated:
 * * * a guardian ad litem * * * must act in the best interests of the child he represents. Such a position clearly places him squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.
Thus, it is clear that a guardian ad litem enjoys absolute, rather than merely qualified, immunity in his role as a court-appointed functionary charged with representing the interests of minor children in the judicial process. Therefore, the appellant's complaint failed, as a matter of law, to state a claim upon which relief could be granted. Consequently, the trial court did not err in granting the appellees' motion to dismiss.
The appellants first and second assignments of error are overruled.
The appellant's third assignment of error states:
 THE TRIAL COURT'S JUDGMENT ENTRIES OF FEBRUARY 4, 1999 CONSTITUTE INVALID NUNC PRO TUNC (SIC) ENTRIES.
Pursuant to this court's disposition of the appellant's first and second assignments of error, the remaining assignment of error is hereby rendered moot pursuant to App.R. 12(A)(1)(c) and need not be addressed by this court. Additionally, as was noted earlier in this opinion, the third assignment of error is predicated on an inaccurate factual scenario. The record does not indicate that the trial court ever entered a nunc pro tunc journal entry in this case.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, A.J., and SWEENEY, JAMES D.J., CONCUR.
 _________________________ MICHAEL J. CORRIGAN JUDGE