OPINION AND JOURNAL ENTRY
On or about March 25, 1993, Petitioner entered a plea of guilty to attempted robbery and was subsequently sentenced to a term of five to ten years of incarceration. Petitioner was placed on probation and later his sentence was amended to a term of three to ten years. Some time after sentencing, Petitioner violated his probation and was incarcerated.
On February 1, 1996, Petitioner was paroled and ordered to a substance abuse program. On or about July 2, 1997, Petitioner was given a verbal order, by his parole officer, not to go to his girlfriend's house without obtaining permission. On July 27, 1997, Petitioner was arrested and charged with Felonious Assault and Aggravated Burglary arising out of an altercation between Petitioner, his former girlfriend and her new boyfriend, at the girlfriend's residence. Due to the above events, the Adult Parole Authority placed a "parole detainer" on Petitioner and he was held as a parole violator.
On October 17, 1997, due to Petitioner's parole being revoked, the prosecuting attorney entered a "nolle prosequi" on the assault and burglary charges.
On November 4, 1997, the parole revocation hearing was held and probable cause was found to revoke Petitioner's parole, based upon the testimony of his parole officer, the arresting officers, and Ms. Martinez, Petitioner's former girlfriend. The final parole revocation hearing was held on October 21, 1999 at the Belmont Correctional Institute and Petitioner's parole revocation was continued.
On March 23, 2000, Petitioner filed this instant petition for writ of habeas corpus alleging first that his parole officer violated an administrative regulation by allowing four months to elapse before reducing her verbal order, not to go to the girlfriend's residence, to writing. Next, Petitioner alleges that the parole revocation decision was against the manifest weight of the evidence and that the Adult Parole Authority did not apply a preponderance of the evidence standard to the evidence in his case. Petitioner alleges that the acts leading to the charge of assault was an act of self defense. Finally, Petitioner alleges that he was not indicted on the assault and burglary charges and that all factual basis for his parole revocation had been removed. Petitioner's allegations are without merit.
Petitioner's allegations that his parole officer violated an administrative regulation is immaterial to whether Petitioner's parole revocation was proper under the circumstances. Also there was testimony by the parole officer that she gave Petitioner the verbal warning on July 2, 1997. The incident which led to Petitioner's parole revocation occurred on July 26, 1997, within the thirty day period in which his parole officer was to reduce the warning to writing.
Next, Petitioner alleges that since he was not indicted on the assault and burglary charges, that the basis for his parole revocation have been removed. Dismissal of the state charges does not automatically remove all basis for a parole revocation. Petitioner must plead facts to show how or why dismissal of the charges removed all factual support for his parole revocation. See State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. In this case, Petitioner merely claims that his parole officer's testimony was false and that the testimony of Ms. Martinez refuted the testimony of the police officers. Unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss. See Hickman, supra.
Petitioner's allegations that there was not sufficient evidence to support his parole revocation is also without merit. There was evidence presented that Petitioner's parole officer had ordered him not to go to Ms. Martinez's residence. Petitioner admitted that he went to the residence in question. There was testimony by two police officers that they responded to a call to the residence and were told, at that time, that Petitioner threw a hammer through her screen door. An officer testified that Ms. Martinez stated that Petitioner attacked her friend, Mr. Almodovar, with a "two by four" piece of wood, hitting him repeatedly. The officers observed Mr. Almodovar in the hospital. There was sufficient evidence before the Adult Parole Authority in order to revoke Petitioner's parole.
Petitioner's Petition for Writ of Habeas Corpus is denied.
Respondent's Motion to Dismiss is granted.
Final order.
Costs taxed to Petitioner.
Clerk to serve a copy of this order to the parties as provided by the Civil Rules.
Cox, P.J., concurs.
Vukovich, J., concurs.
Donofrio, J., concurs.