JOURNAL ENTRY and OPINION
Mark Olson, plaintiff-appellant, appeals from the trial court's order granting summary judgment in favor of Frederick James, defendant-appellee. For the reasons adduced below, the decision of the trial court is affirmed.
On January 24, 1993, Olson was involved in a motor vehicle accident. Olson filed a complaint for his injuries and damages against the operator of the other vehicle, Patrick James, a minor at the time. On April 19, 1996, the trial judge granted Olson a default judgment against Patrick James in the amount of $26,842.87. Patrick James never appealed this judgment.
Three weeks after obtaining the default judgment, Olson filed a supplemental complaint under the same trial court case number against new party defendants Anthem Insurance Group[1] and Frederick James, the father of tortfeasor Patrick James. This complaint sought recovery from the above-named defendants pursuant to R.C. 4507.07 and R.C. 3929.06. The basis of Olson's action against Frederick James was that he was liable as the father of the tortfeasor since he signed his son's probationary driver's license, thus becoming a surety and was thereby financially responsible under R.C. 4507.07 for any judgment arising out of his son's operation of a motor vehicle. It should be noted that Frederick James' answer did not assert the statute of limitations as an affirmative defense, but it did raise laches as a defense to the supplemental complaint.
Frederick James filed a motion to dismiss or in the alternative summary judgment. Frederick James argued that R.C. 4507.07 creates a joint and several liability arrangement between the probationer driver and the responsible adult, but does not create a separate cause of action against the father. Frederick James also argued that the statute of limitations period had expired. Olson filed a brief in opposition arguing that the limitation period for sureties is six years. The trial court conducted an oral argument on the motion and granted Frederick James' motion to dismiss/summary judgment without explanation or stating which motion was being granted.
Olson raises the following sole assignment of error:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT TO NEW PARTY DEFENDANT FREDERICK JAMES.
Since it is not clear which motion the trial court ruled upon, we shall set forth the standard of review for both summary judgment and dismissal. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Ct. Bd. of Commrs. (1992),65 Ohio St.3d 545. It is well settled that when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991),57 Ohio St.3d 56, 60, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
While the factual allegations of the complaint are taken as true, [u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss. State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242,245. See, also, Spalding v. Coulson (1993), 104 Ohio App.3d 62. Since factual allegations in the complaint are presumed true, only the legal issues are presented and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v. Marksman Prod., Div. of S/R Indus., Inc., (1995) 101 Ohio App.3d 760, 762.
 Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). The reviewing court evaluates the record * * * in light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion. Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
We shall address the issue of whether a party may supplement his complaint to add new parties to an action after that action has proceeded to final judgment since our ruling therein will be dispositive of the entire appeal. Initially, we note a judgment is final once filed with the clerk pursuant to the Civil Rules of Procedure and, once final, is "imbued with a permanent character." Cale Products, Inc. v. Orrvile Bronze Aluminum Co. (1982), 8 Ohio App.3d 375, 378, Applied Construction Technologies, Inc. v. Beaux Chateaux Development Co. (Sept. 10, 1998), Cuyahoga App. No. 73876, unreported; see, also, Civ.R. 58. Once final judgment is entered, the trial court may entertain only those motions made pursuant to the Civil Rules of Procedure; e.g., a motion notwithstanding the verdict pursuant to Civ.R. 50(B), a motion for new trial pursuant to Civ.R. 59 or a motion for relief from judgment pursuant to Civ.R. 60. Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. Any other motion is considered a nullity. Id.
In the present case, Olson's motion to supplement his complaint was not properly made pursuant to the Civil Rules of Procedure. See Civ.R. 60(B). However, even if Olson had properly moved the court to supplement his complaint, the trial court was well within its discretion to deny the postjudgment motion, if not mandated to do so.
This exact issue was addressed by this court in Applied Construction Technologies, Inc., supra. The court therein held:
 Although there exists case law permitting a plaintiff to amend a complaint to add indispensable parties following an order of dismissal, see, e.g., Western Insurance Co. v. Lumbermans Mutual Ins. Co. (1985), 26 Ohio App.3d 137, 499 N.E.2d 1, a party cannot add new parties to an action after a final judgment has been rendered to litigate a separate cause of action. A judgment is final when entered and once final, complete. The Civil Rules of Procedure provide only mechanisms for relief from judgment, not mechanisms to bring new actions against new parties after judgment.
Id. at 1.
Unquestionably, the trial court acted within its discretion in granting Frederick James' motion for summary judgment. Olson's supplemental complaint was void on its face. Considering it is axiomatic that a litigant cannot add new parties to an action after final judgment, there is no need for this court to address the issue of statute of limitations or sureties. The appellant's lone assignment of error is overruled. The judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 _____________________________ MICHAEL J. CORRIGAN, JUDGE
TIMOTHY E. McMONAGLE, P.J., and JAMES D. SWEENEY, J., CONCUR.
[1] Olson claimed that Anthem was liable for payment on the default judgment by virtue of an insurance policy which he alleged Patrick James was a named insured. Anthem was granted summary judgment and is not part of this appeal.