JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant, James W. Margulies, appeals from the decision of the Cuyahoga County Court of Common Pleas which granted a motion to dismiss in favor of appellee, Guardian Life Insurance Company of America. Finding error in the proceedings below, we reverse and remand.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} On May 7, 2001, appellant signed an application for life insurance with appellee. Appellant paid his first annual premium on June 29, 2001, and appellee issued a policy to appellant on that date. While the policy contained a policy date of June 14, 2001, appellant's insurance policy and corresponding coverage, became effective June 29, 2001. All future annual payments were due on June 14 of each successive year. The next annual premium was due on June 14, 2002. The amount of appellant's first annual premium and all successive annual premiums were the same. Appellant's first annual premium provided him coverage from June 29, 2001 to June 14, 2002 — less than 365 days. Appellant's next annual premium payment, and all of those thereafter, provided him 365 days of coverage.
 {¶ 4} On January 7, 2002, appellant filed a complaint containing two counts: one for breach of contract and one for unjust enrichment. Appellant alleged appellee failed to adequately disclose that it charged the first annual premium for a period of time that was less than a calendar year. Appellant alleged this practice by appellee created a "risk free period" of time where premiums were applied, but no coverage was provided in violation of their contract. In the alternative, appellant alleged appellee was unjustly enriched for the period of time prior to the payment of the first premium and the commencement of the contract.
 {¶ 5} On February 28, 2002, appellee moved to dismiss the complaint for failure to state a claim upon which relief can be granted. On August 12, 2002, the trial court granted appellee's motion. Appellant advances two assignments of error for our review.
 {¶ 6} "1) The trial court erred in granting defendant's motion to dismiss plaintiff's breach of contract claim."
 {¶ 7} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex re. Hanson v. Guernsey Ct. Bd. Of Commrs. (1992),65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 8} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 245. See, also, Spalding v. Coulson (1993),104 Ohio App.3d 62. It is with this standard in mind that we review the allegations in the complaint and the decision of the trial court on a motion to dismiss de novo.
 {¶ 9} "A party bringing a cause of action for breach of contract must demonstrate the following: (1) the existence of a binding contract or agreement; (2) that the non-breaching party performed its contractual obligations; (3) that the other party failed to fulfill its contractual obligations without legal excuse; and (4) that the non-breaching party suffered damages as a result of the breach." Garofalo v. Chicago TitleInsurance Co. (1995), 104 Ohio App.3d 95.
 {¶ 10} In accordance with the legal standard for reviewing a motion to dismiss, the following factual allegations in the appellant's complaint are accepted as true: appellee drafted the contract at issue, appellant signed an application for insurance on May 7, 2001, appellant paid his first annual premium on June 29, 2001, appellee started providing coverage on June 29, 2001 and agreed to provide 365 days of insurance coverage until June 29, 2002, appellant agreed to pay for 365 days of coverage that would end on June 29, 2002, appellee only provided coverage until June 14, 2002.
 {¶ 11} Appellee argues that the insurance contract language at issue is not ambiguous and that appellant was aware he was agreeing to receive less than 365 days of coverage in exchange for his first annual premium payment. Appellee cites three sections in the policy and one section in the application and argues that when read together they define the initial coverage term. Appellant essentially argues the contract is ambiguous because the language relied upon by the appellee defining the coverage term in the two separate documents is spread out in four separate and distinct locations. The reading of any one section alone will provide no insight into the coverage term.
 {¶ 12} As a general rule from contract law, any ambiguities in this insurance contract and application are to be construed in favor of the insured. Gomolka v. State Auto Mut. Ins. Co. (1982), 70 Ohio St.2d 166. If there remains any doubt, the terms should be read in the sense which the insurer had reason to believe they would be interpreted by the ordinary reader and purchaser. The test to be applied is not what the insurer intended by his words, but what the ordinary reader and purchaser would have understood them to mean. Andersen v. Highland House Co. (2001), 93 Ohio St.3d 547.
 {¶ 13} The four sections identified by appellee as ambiguous when read together are as follows:
 {¶ 14} "The Guardian Application
 {¶ 15} "I(We) further agree that no insurance shall take effect * * * unless and until the Policy has been delivered to and accepted by me (us) and the first premium paid during the lifetime and prior to any change in the health of the Proposed Insured as described in this Application." (This section is the last sentence in the third paragraph on page 10 of the 25-page application.)
 {¶ 16} "The Guardian Policy
 {¶ 17} "All premiums, including the first, are payable in advance. After the first premium, premiums are payable annually in advance * * *. Annual premiums are due on each policy anniversary." (This section is actually a compilation of sentences from two separate sections, one on page 6 and the other on page 7 of the 18-page policy.)
 {¶ 18} "The Guardian Policy
 {¶ 19} "The policy date is stated on page 3. Policy years, policy months and policy anniversaries are measured from the policy date." (This section is found on page 13 of the 18-page policy.)
 {¶ 20} As noted, the first section above is the last sentence in the third paragraph on page 10 of the 25-page application. The sentences in that same paragraph preceding the one noted above concern consequences of appellant's omission or misrepresentation of information in the policy application. It is in this section that appellee argues the unambiguous language should initially have alerted appellant his first annual premium provided him less than 365 days of coverage.
 {¶ 21} The second section referenced above appears on page 6 of the policy in section four entitled "Premiums and Reinstatement." The heading of that paragraph is "Premium Payment." The only mention of the first annual premium payment here refers to the timing of that payment (i.e., "in advance"). Appellee relies on this section as additional proof of the unambiguous language informing appellant his first annual premium provided him less than 365 days of coverage.
 {¶ 22} The third section referenced above appears in a paragraph with the heading "Due Date and Default." The section uses the term "policy anniversary" and does not mention the term "policy date" which appellee references in his final section. There is no language informing appellant his first annual premium provided him less than 365 days of coverage.
 {¶ 23} Finally, the fourth section cited by appellee is a paragraph entitled "Policy Date" on page 13 of the policy containing fifteen other paragraphs in two columns with headings such as "Age and Sex", "Annual Report" and "Voting." Appellee argues this final section, when read in conjunction with the other three, unambiguously conveys to the "ordinary reader and purchaser [who] would have understood [them]" that appellant's first annual premium was to provide coverage for less than 365 days while his successive annual premiums of equal amount would provide coverage for a full 365 days. Andersen, supra.
 {¶ 24} We are compelled to construe the contract language in favor of appellant and take all reasonable inferences regarding ambiguity in favor of appellant. Gomolka, supra. After careful review, we must conclude that the policy is ambiguous as to the application of the first annual premium payment to less than 365 days of coverage. Requiring an insured to read four distinct sections, contained in two separate documents comprising an insurance contract, to gain an understanding of something as basic as the length of the initial coverage term renders this contract ambiguous.
 {¶ 25} With appellant's allegations in the complaint taken as true, and in accordance with the legal standards for construing ambiguity in insurance contracts and reviewing a motion to dismiss, appellant has stated a sufficient claim for breach of contract. Appellant's first assignment of error is well taken.
 {¶ 26} "2) The trial court erred in granting defendant's motion to dismiss plaintiff's unjust enrichment claim."
 {¶ 27} A claim for unjust enrichment lies whenever a benefit is conferred by a plaintiff upon a defendant with knowledge by the defendant of the benefit and retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179. Appellant alleges that appellee was unjustly enriched by applying part of the first annual premium to the period between June 14, 2001 and June 29, 2001 while providing no insurance coverage for that same period. Appellee agrees that the contract did not begin until June 29, 2001. Based upon the facts outlined above, appellant does state a sufficient claim for unjust enrichment for the pre-contract period.
 {¶ 28} We reiterate that we reach this opinion solely on the basis of assuming the allegations in appellant's complaint to be true for the specific purpose of analyzing the decision to grant a motion to dismiss in accordance with the legal standard in Ohio for such a decision. We reverse and remand to the trial court for further proceedings consistent with this opinion.
Judgment reversed and the case is remanded.
KENNETH A. ROCCO, A.J., and JAMES J. SWEENEY, J., concur.