JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Diane Millstein (Millstein) appeals from the decision of the Cuyahoga County Court of Common Pleas denying her motion to dismiss and granting Appellee Wilsman Schoonover, LLC's (Schoonover) motion for summary judgment.
 {¶ 2} Schoonover represented Millstein in her divorce proceeding. As part of that representation, the parties entered into a fee agreement in which Millstein agreed to pay attorney fees and costs in connection with Schoonover's representation. The fee agreement included an arbitration clause which read: "In the event you have a dispute with regard to my office's attorney fees, that dispute will be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Further if you have a dispute with regard to services performed by my office, including legal malpractice, involving any amount in excess of the limit of the Small Claims Court, that dispute will be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. As a result, neither a judge nor a jury will decide the dispute." The agreement also included an interest rate of 18 per cent for overdue unpaid balances.
 {¶ 3} Schoonover's representation lasted from February 24, 1998 to October 7, 1999. Schoonover issued regular monthly billing statements to Millstein. The final billing statement, for which Millstein was charged fees and costs, was issued on November 3, 1999. As of November 3, 1999, $208,341.55 was owed by Millstein to Schoonover. Because of non-payment, interest began to accrue resulting in a new balance of $304,667.35 owed by Millstein as of July 17, 2002.
 {¶ 4} At one point during the divorce proceedings, Millstein sought to recover her attorney fees from her former husband. During those proceedings, she testified that Schoonover's attorney fees and costs were fair and reasonable. Millstein's motion for summary judgment against her husband in that proceeding was granted. On appeal, this court affirmed the judge's attorney fee award and the judge's determination that the fees and costs were reasonable.
 {¶ 5} Since the award of attorney fees to Millstein, she has only paid $2,000 to Schoonover. On January 11, 2002, Schoonover filed the complaint in this matter to recover its fees and costs.
 {¶ 6} On February 12, 2002, Millstein moved to dismiss Schoonover's complaint. She argued that the arbitration provision in the fee agreement precluded Schoonover from seeking relief in court. Schoonover opposed this motion on February 20, 2002. On May 17, 2002, Millstein's motion was denied.
 {¶ 7} On July 26, 2002 Schoonover moved for leave to file a motion for summary judgment instanter. The motion for summary judgment was attached to the motion for leave. On August 20, 2002, Schoonover's motion for leave to file summary judgment was granted. Millstein did not oppose the motion. Schoonover's motion for summary judgment was granted nearly two months later. On October 10, 2002, the judge awarded Schoonover a judgment of $304,677.35, plus interest, for a total judgment in the amount of $317,438.34. Millstein advances two assignments of error for our review.
 {¶ 8} "I. The trial court erred and abused its discretion in denying appellant's motion to dismiss."
 {¶ 9} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex re. Hanson v. Guernsey Ct. Bd. Of Commrs. (1992), 65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60.
 {¶ 10} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss."State ex rel. Hickman v. Capots (1989), 45 Ohio St.3d 324. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d. It is with this standard in mind that we review the allegations in the complaint and the decision of the trial court on a motion to dismiss de novo.
 {¶ 11} Schoonover's complaint alleged one count of breach of contract and one count of action on account. Taking all factual allegations of the complaint as true and all reasonable inferences in favor of Schoonover, it has stated a claim for which relief can be granted as to both counts. Schoonover alleged Millstein contracted with Schoonover for legal services. Schoonover alleged a balance owed on the contract that remains unpaid. Millstein's main argument here is her reading of the arbitration clause.
 {¶ 12} Millstein reads the clause as precluding Schoonover from seeking relief in court and restricting its remedy to binding arbitration. Schoonover responds that the language of the provision only restricts Millstein's right to pursue a remedy in court in connection with the agreement. This court has previously ruled on this identical arbitration clause in a fee agreement matter in an unrelated case. InPalkovitz v. Fraiberg (August 28, 1997), Cuyahoga App. 72262, this court found that this identical language unambiguously set out the client'sobligation to submit to arbitration upon a fee dispute. Id. The language offers the attorney an option to submit to arbitration should his fees remain unpaid. Accordingly, Schoonover was not restricted to submitting his claim to arbitration. Millstein's first assignment of error argument is overruled.
 {¶ 13} Millstein's second assignment of error states as follows:
 {¶ 14} "II. The trial court erred and abused its discretion in granting appellee's motion for summary judgment."
 {¶ 15} This assignment of error focuses on Millstein's argument that Schoonover's motion for summary judgment was never actually filed. Schoonover filed a motion for leave to file a motion for summary judgment instanter. Attached to the motion for leave was a copy of Schoonover's motion for summary judgment. Schoonover did not separately file its motion for summary judgment. Millstein argues that Schoonover is required to separately file its motion for summary judgment. As a result, the judge's ruling on the motion is a nullity.
 {¶ 16} This court has previously held that "[i]t [is] within the discretion of the trial court to deem [a] motion attached to [a] request [for leave to file] as being filed." Burkes v. Stidham (1995),107 Ohio App.3d 363; Green v. Lewis (September 3, 1998) Cuyahoga App. 74045. It is undisputed that Millstein received a service copy of the motion for leave with the attached motion for summary judgment. The summary judgment was not granted until almost two months after the motion for leave was filed. As a result, Millstein was not prejudiced as she had nearly two months between the date of filing of the motion for leave and the granting of the summary judgment motion to respond. She failed to respond. We find the judge did not abuse her discretion in deeming the motion for summary judgment filed and subsequently ruling on it. This assignment of error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., AND JAMES J. SWEENEY, J., CONCUR.