JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Charles Calanni, appeals his conviction for violation of use and zoning regulations in the city of Lakewood, Ohio. After a thorough review of the arguments and for the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} The city of Lakewood ("appellee") filed two complaints, on July 21, 2004 and October 12, 2004, alleging that appellant was in violation of Section 1161.03(j)(3) of the Lakewood Codified Ordinances, which outlines the rules and regulations for the operation of automotive repair facilities and specifically provides: "All activities, including cleaning, washing, and drying operations shall take place inside the principle structure."
 {¶ 3} Since 1980, appellant has owned and operated Calanni Auto Service ("CAS"), an automotive repair shop located on Madison Avenue in Lakewood. In each of its complaints, appellee alleged that appellant was performing work outside of his principle structure, in violation of section 1161.03(j)(3). At the arraignment in both cases, appellant moved to dismiss appellee's complaint on the basis that his property was not subject to section 1161.03(j)(3). He argued that his property held grandfather status with respect to the ordinance because it had operated as an automotive repair shop since 1922, before any of the relevant ordinances came into effect.[1]
 {¶ 4} After hearing appellant's arguments, the trial court instructed him to submit a motion to dismiss and brief detailing the issue of his possible grandfather status. Appellant submitted a motion to dismiss; however, the trial court determined that it was too factual in nature and did not assert a sufficient legal argument. As a result, the trial court denied the appellant's motion and proceeded to trial.
 {¶ 5} After the parties presented their arguments, the trial court determined that the appellant had violated section1161.03(j)(3) and imposed a fine of $100 for the first violation and $150 for the second. In response to the trial court's decision, appellant filed this appeal.
 {¶ 6} The events that gave rise to the present case began in July 2004, when the Lakewood Building Department observed employees servicing cars outside of CAS's principle structure, and he was fined as a result of the citations. The history of the building at issue dates to 1922, when it was constructed. The building was originally operated as a gasoline and auto repair service station. On July 25, 1980, the appellant purchased the building and continued to operate it as a gasoline and automotive repair station until 1983, when he removed the gas pumps. In May 1984, he applied for a determination of similar use under section1113.02 of the Lakewood Codified Ordinances in order to operate the property strictly as an automotive repair shop. On May 15, 1984, after reviewing the appellant's declaration, the Lakewood Board of Zoning Appeals granted his request to continue operation. After his zoning request was granted, he continued operating CAS exclusively as an automotive repair shop. On July 13, 2004 and October 6, 2004, he was cited for violating section1161.03(j)(3), when the Lakewood Building Department observed his employees servicing cars outside of CAS's principle structure, and he was cited and fined.
 {¶ 7} Appellant now brings this appeal asserting one assignment of error for our review:
 {¶ 8} "I. The trial court erred in denying defendant-appellant's motion to dismiss thereby ruling that the subject use by defendant-appellant's is not grandfathered as to the application of section 1161.03(j)(3)."
 {¶ 9} Appellant argues that the trial court erred when it denied his motion to dismiss. More specifically, he asserts that, because the property at issue has operated as an automotive repair station since 1922, it is not subject to the terms of section 1161.03(j)(3) of the Lakewood Codified Ordinances, or any other ordinance adopted after 1922.
 {¶ 10} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." Byrd v. Faber (1991),57 Ohio St.3d 56, 60, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 11} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324.
 {¶ 12} In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."O'Brien v. Univ. Community Tenants Union (1975),42 Ohio St.2d 242, 245. See, also, Spalding v. Coulson (1993),104 Ohio App.3d 62.
 {¶ 13} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. Hunt v.Marksman Prod., Div. of S/R Indus., Inc., (1995)101 Ohio App.3d 760, 762.
 {¶ 14} Although appellant argues that his property is not subject to section 1161.03(j)(3), thus warranting a motion to dismiss, we do not agree. Appellant asserts that his service station has grandfather status with respect to section1161.03(j)(3) because it has operated in the same capacity since 1922, before the ordinance was established; however, he is incorrect. He purchased the property in 1980. Although he argues that his property is not subject to any ordinances established after 1922, section 1161.03(a)(8) became effective in 1976, when the Codified Ordinances were amended by Ordinance No. 63-76 — four years before the appellant purchased the property. Similar to Section 1161.03(j)(3), Section 1161.03(a)(8) established mandates for the operation of automotive repair shops and also prohibited automotive repairs from occurring outside of an automotive repair shop's principle structure. Section1161.03(a)(8) provided in pertinent part: "All servicing and repairs to be made in an enclosed building."
 {¶ 15} Automotive repair work conducted outside of an automotive repair shop's principle structure has been prohibited in the city of Lakewood since 1976 and has remained a prohibition in every recodification thereafter. Although appellant's property has operated as a gas and automotive repair station since 1922, at the time he purchased the property in 1980, the 1976 restriction was already in place. Thus, the purchase of the property was subject to the 1976 restriction.
 {¶ 16} Appellant argued at trial that he was a victim of retroactive zoning; however it is clear from the purchase date that the appellee's actions were not retroactive. In addition, appellant failed to provide any evidence at trial that the previous owner of the property was permitted to perform automotive repairs outside of the building's principal structure.
 {¶ 17} The trial court did not err when it denied appellant's motion to dismiss. It is clear that appellee stated a claim upon which relief could be granted. Appellant's property is subject to section 1161.03(j)(3), and his actions indicate that he was in violation of the ordinance. The appellant received his first citation on July 21, 2004, which informed him that he was in violation of Section 1161.03(j)(3). Although he was warned that his business practices constituted a violation of the Lakewood Codified Ordinances, he continued conducting automotive repairs outside of CAS's principle structure. His actions exhibited a blatant disregard for the rules and regulations of the city of Lakewood, entitling appellee to relief. Accordingly, appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Blackmon, J., concur.
[1] Section 1161.03(a)(8) became effective in 1976 when the Codified Ordinances were amended by Ordinance No. 63-76; the current form of the pertinent section, 1161.03(j)(3), was amended October 7, 1996 by Lakewood Ordinance No. 91-95.