HOWELL, APPELLANT, *v.* KEITER, SHERIFF, APPELLEE.

(No. 2411—Decided March 20, 1957.)

*Mr. Melvin A. Scott,* for appellant.

*Mr. Mathias H. Heck,* prosecuting attorney, and *Mr. Francis Canny,* for appellee.

CRAWFORD, J. Plaintiff-appellant filed a notice of appeal on questions of law in the Court of Common Pleas on January 3, 1957, and in this court on January 12. The case is now before us on a motion of the defendant-appellee filed on March 1, 1957, to dismiss the appeal for the reason that the matter has become moot.

This cause was instituted in the Court of Common Pleas on November 29, 1956, when the plaintiff filed a formal written demand for hearing before an examining court, invoking the provisions of Section 2937.34, Revised Code. In the demand

he stated that on November 26 he was brought before a judge of the Dayton Municipal Court for the purpose of a preliminary hearing, having been charged under an affidavit with murder in the first degree, and that the evidence at that hearing was insufficient to hold him over to the grand jury on such charge.

Section 2937.34, Revised Code, reads as follows:

"When a person is committed to jail, charged with an offense for which he has not been indicted, and claims to be unlawfully detained, the sheriff on demand of the accused or his counsel shall forthwith notify the Court of Common Pleas, and the prosecuting attorney, to attend an examining court, the time of which shall be fixed by the judge. The judge shall hear said cause or complaint, examine the witnesses, and make such order as the justice of the case requires, and for such purpose the court may admit to bail, release without bond, or recommit to jail in accordance with the commitment. In the absence of the judge of the Court of Common Pleas, the probate judge shall hold such examining court."

The transcript shows that Judge McBride of the Court of Common Pleas fixed the time and place of the examining court as December 4 and in his courtroom. On that date Judge McBride rendered his decision, the resulting journal entry, filed on December 14, reciting that the court having heard the evidence and the arguments finds that the accused (plaintiff) is not being unlawfully detained and that the order of the Dayton Municipal Court is not contrary to law, orders him recommitted to the sheriff of Montgomery County, Ohio, and taxes the costs to the accused.

On December 18, 1956, plaintiff filed an exception, with the court's decision attached, and also filed his motion for separate findings of fact and conclusions of law and a motion for rehearing. On December 20 these two motions were overruled.

In his brief plaintiff argues that the evidence was insufficient at the preliminary hearing in the Municipal Court to hold him on the charge of first degree murder, that the judgment of the Court of Common Pleas was likewise erroneous, and that its procedure was irregular because the judgment was based, without testimony, upon the transcript of the evidence at the preliminary hearing.

Defendant supports his motion to dismiss with an affidavit of the assistant prosecuting attorney to the effect that on December 19, 1956, plaintiff was indicted by the grand jury for the crime of murder in the second degree upon the same circumstances forming the subject matter of this suit. Attached to the affidavit is a certified copy of the indictment. The defendant urges that the present appeal is rendered moot by the indictment.

Plaintiff contends that inasmuch as his demand for an examining court was made before indictment he is still entitled to pursue this appeal. Thus he attempts to distinguish the case of *Kendle* v. *Tarbell, Judge,* 24 Ohio St., 196, cited in support of the present motion. In that case the demand was made after indictment. Nevertheless, the principle announced and the language used by the Supreme Court in that case cover the present situation. The first paragraph of the syllabus reads:

"Section 48 of the Criminal Code, which provides for the holding of an examining court at the instance of a person committed to jail charged with the commission of any crime or offense, does not apply to persons committed on indictment."

And in the course of the opinion, the court said on page 199:

"Notwithstanding the comprehensive language used in the section quoted, it must be construed and limited with reference to the subject matter and the other sections of the act. Thus construed, it seems clear to us the section was not intended to apply to persons committed upon indictment."

The plain language of the statute (Section 2937.34, Revised Code) requires this conclusion. And the fact that the statute appears in the Revised Code as part of the chapter entitled "Preliminary Examination; Bail" and that it previously appeared in the General Code as Section 13435-14 in the chapter entitled "Bail" shows it to be a safeguard for the accused in the preliminary phases of prosecution. By its specific terms it is applicable only before indictment.

Plaintiff argues that the subsequent indictment for second degree murder demonstrates the impropriety and wrongfulness of his being previously charged and held for first degree murder. Yet it might also be considered an indication that the

grand jury felt it was not unreasonable that he had been held for some high degree of homicide. At any rate, he can have no present complaint that he has been indicted for a lesser degree of homicide than that of which he was first accused.

In any event, at this stage of the proceedings, even if the demand for an examining court had been completely ignored or denied, there is no relief as to such preliminary matter which this court can now give or which would be of any avail to plaintiff.

It is axiomatic that an appellate court will not decide questions which are moot. The appellant must have a present interest in the subject matter of the appeal. 2 Ohio Jurisprudence (2d), 764, Appellate Review, Section 161.

It is stated in 3 Ohio Jurisprudence (2d), 539, Appellate Review, Section 603:

"It is well settled that where, by a change of circumstances or otherwise pending an appeal on questions of law, the questions which would be presented to the reviewing court have become purely academic or abstract, and any judgment which the court might render thereon would in no way avail, or be beneficial, to, any party, the proceeding will ordinarily be dismissed, because it is not the duty nor responsibility of the court to answer moot questions. So the proceeding will be dismissed if the order or judgment which the appellant seeks to reverse, not having been stayed, has been carried out or if the thing which he seeks to prevent or avoid has been accomplished, and the situation is such that reversal would be wholly ineffectual to reestablish the *status quo* or to afford any relief or advantage to the appellant; or if the situation has so changed that the relief sought by the appellant has become unnecessary.

"Where the question in issue in an appeal on questions of law becomes moot, the court will not retain jurisdiction to determine incidental matters such as costs."

The motion of defendant to dismiss the appeal is, therefore, sustained.

*Motion sustained.*

HORNBECK, P. J., and WISEMAN, J., concur.