The STATE ex rel. OHIO ADULT PAROLE AUTHORITY, Appellant,

v.

CONIGLIO, Appellee.

[Cite as *State ex rel. Ohio Adult Parole Auth.*
*v. Coniglio* (1993), 82 Ohio App.3d 52.]

Court of Appeals of Ohio,
Tuscarawas County.

No. 92AP040028.

Decided Jan. 11, 1993.

*Lee I. Fisher*, Attorney General, and *R. Paul Cushion II*, Assistant Attorney General, for appellant.

*Willard Hanner*, for appellee.

GWIN, Presiding Judge.

Appellee Vincent Coniglio is a probationer from a sentence of incarceration imposed following his conviction of a crime in the Commonwealth of Pennsylvania. Apparently in 1991, appellee was accepted for supervision in Ohio under the Interstate Compact for the Supervision of Parolees and Probationers, pursuant to R.C. 5149.17. On February 11, 1992, appellee was taken into custody by the Ohio Adult Parole Authority in Tuscarawas County pursuant to a "Hold/Detainer" filed by the Commonwealth of Pennsylvania, with the Tuscarawas County Sheriff's Department, on the allegation that appellee violated his probation. The "Order to Hold" provided that appellee was to be held "until released by Helen L. Leeper," a probation officer.

Following his apprehension, appellee petitioned the Tuscarawas County Court of Common Pleas for his release on bond. The court granted appellee's petition and he was ordered to be released on his personal recognizance

subject to supervision. Appellant, the State ex rel. Ohio Adult Parole Authority, seeks our review of that decision and assigns as error:

"The trial court judge improperly granted bail to the petitioner, when the petitioner was a convicted felon whose parole was being supervised by the State of Ohio Adult Parole Authority under the interstate compact from the state of Pennsylvania, when O.R.C. 5149.17(E), *et. seq.*, vests complete authority proceedings of this nature in the executive branch of the state of Ohio."

■ Prior to our hearing this appeal, appellee has since been returned to the Pennsylvania authorities for a probation revocation hearing. It would thus appear that this appeal is now moot. A case is moot if it no longer presents a justiciable controversy because the issues involved are academic or nonexistent. *County of Los Angeles v. Davis* (1979), 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642, 648. However, an exception to the mootness doctrine exists with respect to questions of a public nature which present a likelihood of recurrence thereby suggesting the desirability of an authoritative adjudication of the issue by an appellate court. See *Weinstein v. Bradford* (1975), 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350; *Sosna v. Iowa* (1975), 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532; *S. Pacific Terminal Co. v. Interstate Commerce Comm.* (1911), 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310; *State v. Cox* (1913), 87 Ohio St. 313, 101 N.E. 135. We conclude that the present case meets this criterion and therefore consider the appeal on the merits.

■ The narrow issue presented on this appeal is whether a probationer from another state, who resides in Ohio under the supervision of Ohio parole/probation authorities, and who is arrested pursuant to a "hold/detainer" warrant issued by the other state on the grounds that it is believed the probationer violated his probation conditions, may be eligible for release on bond in Ohio pending his transfer back to the issuing state. Ohio has adopted the Interstate Compact for the Supervision of Parolees and Probationers. R.C. 5149.17 provides, in pertinent part:

"(B) Each receiving state [Ohio] will assume the duties of visitation of and supervision over probationers or parolees of any sending state [Pennsylvania] and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees.

"(C) Accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole from the sending state. For that purpose, no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of the states

party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state; provided that if at the time when a sending state seeks to retake a probationer or parolee there should be pending against him with the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

The trial court reasoned from R.C. 5149.17(B) that appellee was entitled to the consideration of his release on bond because a "telephonic conversation" with a judge in Pennsylvania indicated to the trial court that "a right to bail exists in the Commonwealth of Pennsylvania had [appellee] been arrested in that jurisdiction."

We believe the trial court focused on the wrong subsection of R.C. 5149.17 in determining appellee's status for consideration of bond. We find the significant section that is determinative of the question presented in this appeal to be R.C. 5149.17(C), which provides, in part, that "[t]he decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state." Here, there was no allegation that at the time Ohio received the hold/detainer warrant from the Pennsylvania authorities that appellee had pending against him in Ohio any criminal charges. Instead, the record before us indicates the Pennsylvania authorities requested Ohio to "hold" appellee until released by a specified probation officer. The hold/detainer warrant did not provide that appellee could be released on bond pending his release to the Pennsylvania authorities.

 Under the interstate compact, if the agents of Pennsylvania, the sending state, apprehend a probationer in Ohio, the receiving state, following a probation violation, they may hold him in their custody pending return to the sending state. For purposes of determining appellee's status in the present case, we believe that the Ohio authorities should be considered as agents of Pennsylvania, the sending state. As such, the Ohio authorities are bound by the decision of Pennsylvania with respect to whether the apprehended probationer should be considered for release on bond and the courts of Ohio should recognize that fact. This interpretation not only serves to better accomplish the legislative goals contained in R.C. 5149.17, but also promotes comity among those states which are members of the interstate compact. See *State v. Hill* (Iowa 1983), 334 N.W.2d 746.

Accordingly, the Tuscarawas County Court of Common Pleas was in error in releasing appellee on bond pending his return to the Commonwealth of Pennsylvania.

For the foregoing reasons, the judgment entered in the Tuscarawas County Court of Common Pleas is reversed.

*Judgment reversed.*

Putman and Milligan, JJ., concur.