[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 658.]

THE STATE EX REL. FAIN, APPELLANT, *v.* SUMMIT COUNTY ADULT PROBATION DEPARTMENT, APPELLEE.

[Cite as *State ex rel. Fain v. Summit Cty. Adult Probation Dept.*, 1995-Ohio-149.]

*Mandamus—Action to compel removal of incorrect information in probation record dismissed, when.*

(No. 94-2533—Submitted February 21, 1995—Decided April 5, 1995.)

APPEAL from the Court of Appeals for Summit County, No. 16773.

———————————

{¶ 1} Appellant, Hayward L. Fain, initiated an action for a writ of mandamus in the Court of Appeals for Summit County to compel appellee, Summit County Adult Probation Department, to remove any and all incorrect information from his probation record and to forward a corrected probation record to the Department of Rehabilitation and Correction. Appellant, an inmate at Grafton Correctional Institution, alleged that incorrect information contained in a presentence investigation report was forwarded from appellee for inclusion in appellant's "Master File in Columbus." Appellant claimed that inaccurate information was contained in the report prepared by appellee which indicated that appellant had tied his stepson to a pole while appellant administered punishment to him, and that this information was later used by the Ohio Adult Parole Authority to deny appellant parole and continue his incarceration for an additional thirty-six months.

{¶ 2} On November 2, 1994, the court of appeals granted appellee's motion to dismiss appellant's "complaint" for a writ of mandamus on the basis that appellant "ha[d] not demonstrated a duty on behalf of [appellee]" to provide the requested relief.

**{¶ 3}** This cause is before the court upon an appeal as of right.

———————————

*Hayward L. Fain, pro se.*

*Donna J. Carr,* Summit County Prosecuting Attorney, and *James W. Armstrong*, Assistant Prosecuting Attorney, for appellee.

———————————

***Per Curiam.***

**{¶ 4}** In order to be entitled to a writ of mandamus, a relator has the burden of establishing that he has a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192. In determining whether a complaint states a claim upon which relief can be granted, all factual allegations of the complaint must be presumed to be true and all reasonable inferences must be made in favor of the nonmoving party. *Perez v. Cleveland* (1993), 66 Ohio St.3d 397, 399, 613 N.E.2d 199, 200. In addition, in order to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts warranting relief. *Id.; O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

**{¶ 5}** Nevertheless, in similar cases, we have held that unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss. See, *e.g., State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639 (inmate required to plead specific facts on claimed exception to general rule concerning parole revocation to avoid dismissal of complaint for writ of mandamus); *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 633 N.E.2d 1128 (inmate required to plead specific facts as to right to release from prison to withstand dismissal of complaint for writ of mandamus);

*State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1 (inmate required to plead specific facts as to right to declaration of an overcrowding emergency in the state prison system to prevent dismissal of complaint for writ of mandamus).

{¶ **6**} Although appellant's pleading contained the conclusory statement that "[appellee] has the clear legal duty and responsibility under the law, to provide the aforementioned corrected information within a reasonable length of time," the only support he gives for this statement is his citation of R.C. Chapter 5120. However, R.C. Chapter 5120 pertains only to duties imposed on the Department of Rehabilitation and Correction, not county probation departments like appellee. See *State ex rel. Yeager v. Cuyahoga Cty. Adult Probation Dept.* (Dec. 16, 1994), Cuyahoga App. No. 67398, unreported, where the Court of Appeals for Cuyahoga County similarly held, in denying a writ of mandamus to compel a county probation department to correct a postsentence investigation report, that relator failed to set forth any authority establishing a clear legal duty on the part of respondent to correct the report. Further, we have held that parole candidates like appellant possess no due process right to have errors expunged from records used by the Adult Parole Authority in its parole determination. *State ex rel. Hattie v. Goldhardt* (1994), 69 Ohio St.3d 123, 630 N.E.2d 696 (no due process right to correct an allegedly inaccurate risk assessment scoresheet).

{¶ **7**} Based on the foregoing, appellant's unsupported conclusion that appellee possessed a clear legal duty to correct its presentence investigation report and other unspecified records was insufficient to withstand appellee's dismissal motion. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., not participating.