[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 220.]

THE STATE EX REL. CLARK, APPELLANT, *V*. LILE, JUDGE, APPELLEE.

[Cite as *State ex rel. Clark v. Lile*, 1997-Ohio-124.]

*Mandamus compelling judge to ensure that relator receives his proper sentence—*

*Writ denied when judge has no duty to provide the requested relief.*

(No. 97-884—Submitted September 9, 1997—Decided November 5, 1997.)

APPEAL from the Court of Appeals for Tuscarawas County, No. 97AP030021.

───────────────

{¶ 1} In May 1989, appellee, Tuscarawas County Common Pleas Court Judge Roger G. Lile, convicted appellant, Wesley Clark, of two counts of felonious assault with gun specifications and sentenced him accordingly. In July 1989, Judge Lile clarified that Clark's indefinite sentence would be served concurrently with a sentence he was serving in North Dakota. According to Clark, when he was paroled from his North Dakota sentence and returned to Ohio, he was informed by the Department of Rehabilitation and Correction that he had to serve the complete sentence imposed by Judge Lile.

{¶ 2} In March 1997, Clark filed a complaint in the Court of Appeals for Tuscarawas County for a writ of mandamus to compel Judge Lile to honor his 1989 sentence and subsequent clarification, and to notify the Department of Rehabilitation and Correction of the proper term remaining for Clark to serve. The court of appeals denied the writ because Judge Lile "is not the appropriate party to ensure that relator will receive his proper sentence."

{¶ 3} This cause is now before the court upon an appeal as of right.

───────────────

*Wesley Clark, pro se*.

*Scott J. Mastin*, Tuscarawas County Assistant Prosecuting Attorney, for appellee.

_____

*Per Curiam.*

{¶ 4} Clark asserts in his sole proposition of law that the court of appeals erred by denying the writ of mandamus. Clark contends that Judge Lile was the appropriate respondent because the Department of Rehabilitation and Correction followed the judge's purported December 1995 order, which differed from his July 1989 clarification. But Clark did not specify these facts in his complaint. Instead, Clark alleged that the *Department of Rehabilitation and Correction* was not following Judge Lile's 1989 sentence and clarification order. Therefore, the court of appeals properly determined that Judge Lile had no duty to provide the requested relief. See, generally, *State ex rel. Fain v. Summit Cty. Adult Probation Dept.* (1995), 71 Ohio St.3d 658, 659, 646 N.E.2d 1113, 1114, and cases cited therein for the proposition that inmates must plead specific facts in order to withstand dismissal of a complaint for writ of mandamus; see, also, *State ex rel. Gilliam v. Cuyahoga Cty. Court of Common Pleas* (Feb. 20, 1997), Cuyahoga App. No. 79791, unreported, 1997 WL 72135 (mandamus action brought by inmate dismissed because, among other reasons, he did not establish that the named respondents, his trial court and trial judge, were the proper parties to release him if his sentence had expired).

{¶ 5} Although Clark noted the purported December 1995 order by Judge Lile in his postjudgment application for reconsideration, the request for reconsideration was a nullity, since Clark's mandamus action was filed in the court of appeals. *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713, 715. App.R. 26(A) was inapplicable. *Id.*, citing *State ex rel. Pajestka v. Faulhaber* (1977), 50 Ohio St.2d 41, 42, 4 O.O.3d 113, 113-114, 362 N.E.2d 263, 263-264.

**{¶ 6}** Based on the foregoing, the court of appeals properly denied the writ. Accordingly, the judgment of the court of appeals is affirmed.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

1. Our holding renders moot Judge Lile's motion to dismiss Clark's brief and Clark's motion to strike Judge Lile's motion to dismiss.