OPINION AND JOURNAL ENTRY
Appeals Case No. 91-C-1 comes from a judgment of Columbiana County Southwest Area Court entered on December 26, 1990 ordering restitution of premises occupied by appellant to the appellee. On January 14, 1991, this court denied a request to stay execution of judgment.
Appeals Case No. 91-C-30 comes from a judgment of Columbiana County Common Pleas Court entered on May 3, 1991, granting judgment for plaintiff-appellee in the amount of $1,762.95 for unpaid rent, on that part of the forcible entry and detainer action which had been transferred to Common Pleas Court by order of the County Court.
On April 5, 1991, pro-se appellant filed his own assignments of error and brief in Appeal Case No. 91-C-1, asserting error in the County Court hearing any part of this action, when the County Court agreed that the counterclaim exceeded its monetary jurisdiction. Appellant has not filed any brief relative to the monetary judgment entered against him by Common Pleas Court.
Although appellee has not filed an answer brief, he did file a motion to dismiss Appeal Case No. 91-C-1, arguing that the dismissal of appellant's counterclaims in Common Pleas Court rendered his appeal moot. Appellee further argued that Civ.R. 13 (I) and 42 (B) authorize a separation of the issues for trial and provide for the transfer of part of a cause to the court of appropriate jurisdiction. On June 19, 1991, this court overruled the motion to dismiss and granted appellee leave to file an answer brief by a date certain. By later order of this court filed on July 24, 1991, appellee was granted permission to file a single answer brief after appellant filed a brief in 91-C-30. Appellant never filed a brief in that case. Although these appeals were placed on the regular hearing schedule, no hearing occurred and the appeals have been pending with no further action by the parties or this court.
It appears that with the extended passage of time since these appeals were filed, the premises have long been restored to the appellee and appellant has abandoned his appeals, especially since he has not filed a brief addressing the Common Pleas judgment. It can reasonably be said that there is no longer a justiciable controversy because the issues involved in Appeal Case No. 91-C-1 are nonexistent. A case is deemed moot if it would involve only an academic exercise. See State ex rel. OhioAdult Parole Authority v. Coniglic (1993), 82 Ohio App.3d 52. Where a decision cannot be made effectual by a judgment, a court should not express an opinion upon that issue and the issue becomes moot. Miner v. Witt (1910), 82 Ohio St. 237. Being moot, this court need not make a determination of the issue presented by Appeal Case No. 91-C-1.
In view of the apparent abandonment of the appeal by appellant and its mootness, Appeal Case No. 91-C-1 is dismissed.
Appeal Case No. 91-C-30 is dismissed pursuant to App.R. 18 (C) for failure of appellant to file assignments of error and brief relating to the order of the Common Pleas Court entering judgment against him.
Costs of both proceedings are taxed against appellant.
 __________________________________ EDWARD A. COX, PRESIDING JUDGE
 __________________________________ GENE DONOFRIO, JUDGE
 __________________________________ JOSEPH J. VUKOVICH, JUDGE