DECISION AND JUDGMENT ENTRY
Michael C. Haines appeals the judgment of the Hillsboro Municipal Court releasing Haines to the custody of the State of Kansas. Haines contends that the trial court erred in permitting Kansas to take custody of him without first holding a hearing to determine his identity and the authority of the Kansas officer to return him to Kansas. Because Ohio already extradited Haines to Kansas, and because Haines failed to demonstrate that a reasonable expectation exists that he will be subject to extradition under R.C. 5149.17 in the future, we find that this appeal is moot. Accordingly, we dismiss Haines' appeal without addressing his assignments of error.
 I.
Ohio and Kansas are parties to the Interstate Compact as to Parolees and Probationers ("the Compact"), codified in Ohio at R.C. 5149.17.[1]
Pursuant to the Compact, parolees from participating states may move from the state where they were convicted (the "sending state") to certain other participating states (the "receiving states"). See R.C. 5149.17(A). The parolee is permitted to serve the duration of his parole in the receiving state under the receiving state's supervision. Pursuant to the Compact,
"[a]ccredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole from the sending state. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of the states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state * * *." R.C. 5149.17(C).
Kansas paroled Haines in 1999. Haines moved to Ohio where, pursuant to the Compact, the Ohio Department of Rehabilitation and Correction supervised his parole. In 2001, the Highland County Sheriff's Department received notice from Kansas identifying Haines by name, social security number, date of birth, and a physical description. Kansas requested that Ohio hold Haines for extradition to Kansas to face charges on a Kansas warrant for his arrest.
The Sheriff's Department filed a complaint in the trial court requesting it to issue a warrant for Haines' arrest pursuant to R.C.2963.11 et seq. Revised Code Chapter 2963 establishes the requirements for extradition of persons not subject to the Compact. The court issued the warrant. Upon Haines' arrest the court, apparently unaware that Haines was in Ohio subject to the Compact, set the matter for a hearing on the extradition and released Haines on his own recognizance.
Prior to the scheduled hearing, the trial court sua sponte determined that the original complaint was improper, that Haines was not entitled to extradition proceedings under R.C. 2963 et seq., and that instead Haines' extradition was governed by R.C. 5149.17. After Haines was rearrested, he filed a demand that the trial court hold a hearing to determine his identity and determine the accreditation of the Kansas officers sent to retrieve him for the state of Kansas. The trial court denied Haines' request for a hearing.
Haines timely appealed. Additionally, Haines filed a motion to stay his extradition pending this appeal. Haines was returned to Kansas. We subsequently denied the motion for stay as moot. Haines now asserts that following assignments of error:
 "I. The Hillsboro Municipal Court lacked subject matter jurisdiction over the appellant.
 "II. The appellant was improperly denied an identification and authorization hearing.
 "III. The issues in this case are not moot, since appellant's constitutional rights were violated and appellant has no other legal remedy."
 II.
We first address Haines' argument that this appeal is not moot, despite the fact that Haines has been returned to Kansas. Since Ohio has already turned Haines over to Kansas authorities and permitted his return to Kansas, the judgment of the trial court has been fully executed in this case, and the issues raised by him are now moot. See Pewitt v. LorainCorrectional Inst. (1992), 64 Ohio St.3d 470, 472; Howell v. Keiter
(1957), 104 Ohio App. 28, 31. Generally, a court will not address issues that are moot. Pewitt at 472; Miner v. Witt (1910), 82 Ohio St. 237. However, a court may address an otherwise moot issue if that issue is capable of repetition yet evading review. Beacon Journal Publishing Co.v. Donaldson (1992), 63 Ohio St.3d 173.
An issue "is capable of repetition where `there * * * [is] a reasonable expectation that the same complaining party * * * [will] be subjected to the same action again. * * *.'" (Emphasis added). Beacon JournalPublishing Co. at 175, quoting Weinstein v. Bradford (1975), 423 U.S. 147,149. An injury is not deemed capable of repetition merely because someone, at sometime, might suffer the same harm; there must be a reasonable chance that it will happen again to the complaining party. SeeWeinstein at 149; Murr v. Dept. of Rehab. Corr. (Sept. 28, 1995), Franklin App. No. 95APE04-427 (claim was moot when inmate challenging policy concerning eye examinations was given exam and corrective lenses).
Courts on rare occasions also may hear a moot action when it involves an issue of great public importance. However, appellate courts generally "use caution in determining what the public policy of this state should be. Only when the issue is squarely before us should we address it."James A. Keller, Inc. v. Flaterty (1991), 74 Ohio App.3d 788, 791; see, also, In re Popp (1973), 35 Ohio St.2d 142, 144.
At least one Ohio appellate court has determined that the trial court's interpretation of R.C. 5149.17 was not moot even though the probationer in question had been returned to the sending state by the time the issue reached the appellate court. See Ohio Adult Parole Auth. v. Coniglio
(1993), 82 Ohio App.3d 52, 54. In Coniglio, the state appealed from the Tuscarawas County Court of Common Pleas' determination that a probationer, whom Pennsylvania had requested Ohio to hold, could be released on bail even though both Pennsylvania and Ohio were parties to the Compact. The appellate court reached the merits of the state's argument after concluding that the issue presented was one that presented a likelihood of recurrence. Id. at 54, citing Weinstein, supra.
The present action is distinguishable from the Coniglio case in that the appellant in this case is Haines, not the state. Because the state is always a party to any dispute regarding the interpretation of the Compact in Ohio, any time that the state is the complaining party, a reasonable expectation exists that the state will be subjected to the same action again in the future. No such expectation exists with regard to Haines. In fact, because the Ohio General Assembly has repealed R.C. 5129.17 and thus withdrawn Ohio from the Compact, it is a virtual certainty that Haines will never be subjected to the same action again.
Haines also contends that the issues he raises are of great public importance, and therefore we should review them, because he had no legal remedy other than this appeal. In support of his argument, Haines argues that because the Compact provides in part that "the decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state," Haines has no remedy in Kansas. In fact, the contrary is true.
Haines seems to have confused the terms "sending state" and "receiving state" in the context of the Compact. Although Ohio sent Haines back to Kansas, Ohio is not the "sending state" in this scenario. Because Kansas permitted Haines to leave Kansas while on parole, and because Ohio consented to receive Haines into its jurisdiction, Kansas is the "sending state" and Ohio is the "receiving state." See R.C. 5149.17(A); Perry v.Paglia (May 23, 1988), Mahoning App. No. 87CA91. Thus, the Kansas courts are available for Haines to challenge his identity and the authority of Kansas to revoke his parole.
In conclusion, we find that Haines' appeal is moot, and that the issues he raises are neither of great public importance nor likely to recur. Accordingly, we dismiss the appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Evans, J., concurs in judgment and opinion.
Harsha, J., dissents.
[1] The General Assembly repealed R.C. 5149.17, effective January 25, 2002, with Section 2, H.B. 269. R.C. 5149.17 remains effective as to parolees and probationers from participating states who were residing in Ohio at the time the statute was repealed.