JOURNAL ENTRY AND OPINION
{¶ 1} On April 22, 2002, the relator, Dennis Dussell, commenced this mandamus action against the respondent, the Lakewood Police Department (hereinafter "Lakewood"), to compel it to correct its records by acknowledging that any reference to him as a sexual offender before his arrest for rape in early October 1990 was erroneous. On August 7, 2002, this court ordered the parties to complete discovery by September 30, 2002 and to submit motions for summary judgment by October 17 and briefs in opposition by October 31, 2002. Lakewood also filed its motion for summary judgment on August 7. By journal entry of August 20, 2002, this court reaffirmed its prior schedule. Pursuant to a motion for a protective order, this court on October 8, 2002, ordered Lakewood to send its investigatory files relating to Dussell to this court under seal for in camera inspection. Lakewood filed those materials on October 10. On October 16, Dussell filed his motion for summary judgment, and Lakewood filed its supplemental summary judgment motion the next day. On October 29, 2002, Dussell filed his response.
 {¶ 2} The court has reviewed all the filings, including the materials submitted under seal, and the matter is now ripe for resolution. For the following reasons, this court grants Lakewood's motion for summary judgment, denies Dussell's summary judgment motion and denies the application for a writ of mandamus. Dussell has a long history of criminal accusations, charges and convictions against him. In 1975, he was convicted of murder and sentenced to fifteen years to life, but he was paroled in April 1984. In 1986, Dussell was accused of assaulting a woman in the Cleveland Metropolitan Park District. The allegation was that he punched the woman off her bicycle and started to beat her. Other people saw this incident and immediately came to her aid, causing the attacker to flee.[1] Also in November 1986, a female acquaintance of Dussell charged him with assault for which the Parma Municipal Court found him guilty.[2] In 1989, the grand jury indicted Dussell for sexually molesting his three-year-old daughter; he was acquitted on these charges.
 {¶ 3} On the night of October 5, 1990, Dussell kidnapped and repeatedly raped a woman (hereinafter "C.D."). After Dussell released her, she went to Lakewood Hospital, and the Lakewood Police Department began its investigation. On October 7, Lakewood showed her photographs of sex offenders, and she quickly identified Dussell as the perpetrator. This photograph of Dussell was from the Park Rangers and was apparently related to the 1986 assault in the Metro Parks.[3] Because Dussell resembled the description of the perpetrator in other crimes, Lakewood showed the photograph to other victims. One victim (hereinafter "S.R.") who had also been kidnapped and repeatedly raped in 1987, in a manner similar to that of C.D., identified Dussell as the perpetrator. Another assault victim (hereinafter "E.T.") also identified Dussell as the perpetrator.[4]
 {¶ 4} In late October 1990, the grand jury indicted Dussell on 24 counts of kidnapping, abduction, rape, gross sexual imposition and felonious sexual penetration arising out of these three incidents. He was convicted on 14 of these charges and sentenced to 60 to 95 years in prison. During this litigation, the State of Ohio nolled the abduction charge relating to E.T. The trial court granted the defense motion for separate trials for the offenses relating to C.D. and S.R. All of the convictions for sexual crimes related to the incident involving C.D. The jury returned not guilty verdicts for the charges involving S.R.
 {¶ 5} Dussell now claims that the Department of Rehabilitation and Corrections and the Ohio Adult Parole Authority, (hereinafter "the Prison Authorities"), consider him a repeat sexual offender because Lakewood had in some way registered or classified him as a sexual offender or listed or grouped him with sexual offenders in some of their data bases or reports before he was arrested for rape in October 1990. Dussell argues that the Prison Authorities have seized upon the loose language in the Lakewood police reports[5], that C.D. identified him from a book of sex offenders, as proof that he must have committed another sex offense. Dussell continues that this classification as a repeat sexual offender prejudices him in various ways: He will not be eligible for placement at more favorable institutions or in certain unsupervised programs. He will not be given a "reduction in security." (Dussell's supporting affidavit, paragraph 3.) This classification will adversely affect his parole considerations. Also the Prison Authorities will require him to take programs and perform activities such as "Sexual Relapse Behaviors," which would require him to admit to the previous sexual offenses; because Dussell claims that he has not committed such offenses, he cannot in good conscience make such an admission.
 {¶ 6} Dussell feels aggrieved because the Prison Authorities are imposing additional punishments or restrictions on him for something he did not do. He argues that because he was never convicted of a sexual offense before the October 1990 charge, Lakewood's references to him as a sexual offender before that time are false and unfounded, and the Prison Authorities' classification of him as a repeat sexual offender is also false and unfounded. The Prison Authorities have told Dussell that the only way to remove the classification of repeat sexual offender is to have Lakewood admit in writing that its references to him as a sexual offender before October 1990 are false. Accordingly, this mandamus action followed.
 {¶ 7} As Dussell repeatedly admits throughout his filings, the threshold claim in this case is one for declaratory judgment, whether Lakewood improperly classified him in some way as a sexual offender before October of 1990.[6] However, the Court of Appeals does not have jurisdiction to hear declaratory judgment claims. State ex rel. Neer v.Industrial Commission (1978), 53 Ohio St.2d 22, 317 N.E.2d 842; State exrel. Hogan v. Ghee, 85 Ohio St.3d 150, 1999-Ohio-445, 707 N.E.2d 494;State ex rel. Coyne v. Todia (1989), 45 Ohio St.3d 232, 543 N.E.2d 1271; and State ex rel. Donald L. Richard v. Stephanie Tubbs-Jones (Aug. 13, 1992), Cuyahoga App. No. 64199.
 {¶ 8} Moreover, assuming arguendo that Lakewood did improperly list Dussell as a sexual offender, it is not clear that he has a claim in mandamus to compel Lakewood to correct its records. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio TurnpikeComm. (1953), 159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v.Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; andState ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
 {¶ 9} In the present case it is not clear that Dussell has a clear, legal right enforceable in mandamus to have the records corrected or that Lakewood has a clear, legal duty enforceable in mandamus to correct its records. Repeatedly, the courts of Ohio have declined to issue a writ of mandamus to compel a state agency to correct its records, especially as they relate to parole and prison matters. In Stateex rel. Fain v. Summit Cty. Adult Probation Dept., 71 Ohio St.3d 658,1995-Ohio-149, 646 N.E.2d 1113, the relator claimed that inaccurate information in a probation file resulted in the Parole Board wrongfully denying his parole; the relator sought mandamus against the probation department to correct its records. The Supreme Court of Ohio, in affirming the decision of the court of appeals denying the writ, held "that parole candidates like appellant possess no due process right to have errors expunged from records used by the Adult Parole Authority in its parole determinations." 71 Ohio St.3d at 659. In Hattie, the Supreme Court also rejected a mandamus claim to compel the Parole Authority to correct its parole score sheet to remove inaccurate or unfounded information. The relator, like Dussell, sought to remove allegations of criminal actions, drug abuse, because he had not been convicted of a drug offense. The supreme court ruled that the relator had failed to show that the Parole Authority had a clear, legal duty to alter its records. InState ex rel. Yeager v. Cuyahoga Cty. Adult Probation Dept. (Dec. 16, 1994), Cuyahoga App. No. 67398, the relator sought to compel the probation department to remove inaccurate information, an allegation of anal sodomy, from its records. This court in denying the mandamus held that the relator had failed to establish a clear, legal duty to correct the information. See, also, State ex rel. Larkins v. Wilkinson,79 Ohio St.3d 477, 1997-Ohio-139, 683 N.E.2d 1139 and State ex rel. Brayv. Brigano, 93 Ohio St.3d 458, 2001-Ohio-1587, 755 N.E.2d 891.
 {¶ 10} The court also notes that the petition is defective because it is improperly captioned. Dussell styled this petition as "Dennis Dussell v. Lakewood Police Department." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas ofAllen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270.
 {¶ 11} Accordingly, because Dussell failed to establish that he has a clear, legal right to have the records corrected or that Lakewood has a clear, legal duty to correct the records and because this court does not have jurisdiction to determine the threshold claim, this court grants Lakewood's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
 MICHAEL J. CORRIGAN, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.
[1] The materials submitted to this court do not indicate how this assault was resolved. Nevertheless, the records do indicate that the Metro Park Ranger Department shared information with Lakewood, including giving Lakewood Dussell's picture, which was apparently placed in a book of sex offenders.
[2] The materials submitted do not state the penalty imposed. In 1989, the Parole Board revoked his parole because of this assault. However, in 1990, the Allen County Common Pleas Court granted Dussell's application for a writ of habeas corpus and ordered his release on parole because the Parole Board had waited too long to violate him for this 1986 charge. Also, the records indicate that this was not a sexual assault.
[3] The police report states that C.D. "was shown photographs of sex offenders and other crimes." Subsequently, Lakewood sought a search warrant for Dussell's residence, and the supporting affidavit states that C.D. identified Dussell from photographs of sex offenders.
[4] In this assault from May 1985, the perpetrator punched E.T. in the face, knocking her down, as she walked along Franklin Boulevard in Lakewood. The perpetrator wrestled with her and seemed to be dragging her toward a backyard. However, other people saw this assault and immediately came to her aid, causing the perpetrator to flee.
[5] Dussell further indicates that the Prison Authorities told him that in August of 1990, before his arrest, his parole officer had Lakewood register him as a sexual offender because of the 1989 charge of child sexual molestation of which the jury had acquitted him. The Prison Authorities indicated to him that this was at least an additional basis for the classification as a repeat sexual offender. However, the materials submitted from Lakewood offer no support for this allegation.
[6] In order to determine whether Lakewood improperly classified Dussell as a sexual offender before October 1990, a court would need to know all of the references upon which the Prison Authorities rely to classify him as a repeat sexual offender. Then the court would need to determine whether the allegations were false or unfounded. Cf. State exrel. Hattie v. Goldhardt, 69 Ohio St.3d 123, 1994-Ohio-81, 630 N.E.2d 696
and State ex rel. Askew v. Goldhart, 75 Ohio St.3d 608, 1996-Ohio-448,665 N.E.2d 200. The court would also need to determine whether Lakewood's actions were justified. Did Lakewood act with good faith reliance on the representations of other agencies? May the police interpret a police report for purposes of classification or in preparing an investigative tool? It is not necessarily unreasonable to conclude that a male beating a female is a sexual assault even if an erogenous area is not touched. These issues do not establish that there are genuine issues of material fact precluding summary judgment in this mandamus action. Rather, they establish that this is an authentic declaratory judgment claim.