ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On September 12, 2003, the relator, John Barber, Jr., commenced this mandamus action against the respondent, Sheriff Gerald T. McFaul, to compel the sheriff under R.C. 2937.34 to notify the Cuyahoga County Court of Common Pleas to hold an examining court to determine whether Mr. Barber is unlawfully detained. On October 8, 2003, the Sheriff, through the Cuyahoga County Prosecutor, filed a motion to dismiss. Mr. Barber never filed a response. For the following reason, this court grants the motion to dismiss.
 {¶ 2} R.C. 2937.34 provides in pertinent part: "When a person is committed to jail, charged with an offense for which he has not been indicted, and claims to be unlawfully detained, the sheriff on demand of the accused or his counsel shall forthwith notify the court of common pleas, and the prosecuting attorney, to attend an examining court, the time of which shall be fixed by the judge. The judge shall hear said cause or complaint, examine witnesses, and make such order as the justice of the case requires, and for such purpose the court may admit to bail, release without bond, or recommit to jail in accordance with the commitment."
 {¶ 3} Crim.R. 7(A) provides that when a court has advised a defendant of the nature of the charge against him and his right to indictment, the defendant may waive that right in writing and in open court. When the indictment is waived, the offense may be prosecuted by information, unless an indictment is filed within fourteen days after the waiver. If an information or indictment is not filed within fourteen days after the date of waiver, the defendant shall be discharged and the complaint dismissed. Crim.R. 7(A) further provides that the rule shall not prevent subsequent prosecution by information or indictment for the same offense.
 {¶ 4} Mr. Barber avers that he waived indictment in open court and consented to indictment by information." The prosecutor had 14 days to indict me. Therefore I should [have] been discharged and complaint dismissed according to the law — Criminal Rule 7." (Paragraph 3 of the Complaint.) Mr. Barber then submits that because he is being unlawfully held, R.C. 2937.34 requires the respondent Sheriff to notify the common pleas court to hold a hearing on his confinement and discharge him.
 {¶ 5} The motion to dismiss argues that the Sheriff is the wrong respondent because the sheriff does not have the authority to discharge a prisoner and that the matter is moot. The Grand Jury on September 26, 2003, indicted Mr. Barber on one count of trafficking in crack cocaine and one count of possession of crack cocaine.
 {¶ 6} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v.Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Additionally, in mandamus a relator must plead specific facts in order to withstand a motion to dismiss. State ex rel. Iacovone v. Kaminiski,81 Ohio St.3d 189,1998-Ohio-304, 690 N.E.2d 4; State ex rel. Clark v.Lile, 80 Ohio St.3d 220, 1997-Ohio-124, 685 N.E.2d 535; State ex rel.Dehler v. Sutula, 74 Ohio St.3d 33, 1995-Ohio-268, 656 N.E.2d 332; Stateex rel. Fain v. Summit Cty. Adult Probation Dept., 71 Ohio St.3d 658,1995-Ohio-149, 646 N.E.2d 1113; State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324, 544 N.E.2d 639; and State ex rel. Strothers v. Murphy
(1999), 132 Ohio App.3d 645, 725 N.E.2d 1185. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel.Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel.Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581, 113 N.E.2d 14;State ex rel. Connole v. Cleveland Bd. of Edn. (1993), 87 Ohio App.3d 43,621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger
(1940), 32 Ohio Law Abs. 308.
 {¶ 7} In the present case, Mr. Barber's failure to plead with sufficient specificity warrants dismissal. He has failed to aver whether an information was issued against him, thus precluding the need for an indictment under R.C. 2937.34, or whether there was some other reason to hold him, such as a parole violation, nor did he specify the dates at issue so as to provide a firm basis for determining the merits of his claim. Without such information, inter alia, this court cannot resolve its doubts as to whether the mandamus should issue, and mandamus should not issue in doubtful cases.
 {¶ 8} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077 and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. As indicated above, this case highlights the need for an affidavit specifying the details of the claim so that this court might have sufficient foundation for resolving the matter.
 {¶ 9} This court further concludes that the subsequent indictments moot the application for mandamus. Crim.R. 7(A) provides that even if a prisoner may be entitled to discharge for failure to prosecute, such a discharge does not prevent subsequent prosecution by indictment. The September 26, 2003 indictments provide cause for the sheriff to detain Mr. Barber now, and any previous duty to notify the court to hold an examining court is now nullified. Howell v. Keiter (1957),104 Ohio App. 28, 146 N.E.2d 452.
 {¶ 10} The relator has also failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. The relator's failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zandersv. Ohio Parole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594
and State ex rel. Alford v. Winters, 80 Ohio St.3d 285, 1997-Ohio-117,685 N.E.2d 1242.
 {¶ 11} Accordingly, the court grants the motion to dismiss and dismisses the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Ann Dyke, P.J., and Frank D. Celebrezze, Jr., J., concur.